IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ulysses Herbert Grant,<br><br>                Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>                Respondents. | No. CV-12-02606-PHX-PGR<br><br>**ORDER** |

Having reviewed de novo the Report and Recommendation of Magistrate Judge James F. Metcalf (Doc. 31) in light of Petitioner's Objections contained in his Reply From Petitioner to Report & Recommendation on Petition for Writ of Habeas Corpus (Doc. 32), the Court finds that the Magistrate Judge correctly determined that petitioner's habeas petition, filed pursuant to 28 U.S.C. § 2254, should be denied, and rejects all of petitioner's objections to the contrary.

In his Ground One, petitioner alleges prosecutorial misconduct based on the prosecution's failure to disclose *Brady* material. The Court agrees with the Magistrate Judge's conclusions regarding the first photo line-up and the purported second photo-lineup. Petitioner's claim that the state failed to timely disclose the victim's prior knowledge of, and contact with, the individual suspected of taking the car lacks merit.

The arresting officer's initial report included information showing that the victim had previous contacts with the suspect, and that the victim provided a physical description of the suspect to law enforcement. Petitioner does not deny that this initial report – which was attached to petitioner's *pro per* opening brief on direct appeal – was timely disclosed by the state.

In his Ground Two, petitioner alleges ineffective assistance of counsel for failing to request a *Dessureault* Hearing and a *Donald* Hearing. The Court agrees with the Magistrate Judge's conclusion that the *Donald* Hearing ineffective assistance claim was not exhausted, is now procedurally defaulted, and that petitioner has failed to establish cause to excuse his procedural default. The Court also agrees with the Magistrate Judge's conclusion on the merits of the *Dessureault* Hearing ineffective assistance claim. The Court has reviewed but declines to address claims raised by petitioner in his objection that were not raised in his habeas petition, such as his claim that his counsel was ineffective for failing to request a continuance to produce an alibi witness and for failing to call as witnesses the two officers mentioned in the supplemental police report regarding the photo-lineup. *See Brown v. Roe*, 279 F.3d 742, 744 (9th Cir. 2002) (district court is not required to consider claims raised for the first time in a party's objection to a magistrate judge's recommendation).

Further, petitioner's mere assertion in his petition of "newly discovered evidence" that the victim "is a known drug user with priors that the State and defense counsel [k]new or should have known about," is insufficient to warrant habeas relief. *See* 28 U.S.C. § 2254(e)(2); *Cullen v. Pinholster*, 131 S. Ct. 1388, 1401 (2011) (prohibiting

consideration of new evidence in addressing issues under 28 U.S.C. § 2254(d)(1)); *see also Swan v. Peterson*, 6 F.3d 1373, 1384 (9th Cir. 1993) (newly discovered evidence is ground for federal habeas relief only when it bears on the constitutionality of a petitioner's conviction and probably would have produced an acquittal).

In his Ground Three, petitioner alleges that the trial court abused its discretion in allowing the victim to testify about the photo-lineup. The Court agrees with the Magistrate Judge's conclusion on the merits of this claim.

In his Ground Four, petitioner alleges that his rights under the Fifth Amendment and *Miranda* were violated when an officer testified regarding petitioner's invocation of his right to remain silent. The Court agrees with the Magistrate Judge's conclusion that the officer did testify regarding petitioner's silence, and that this testimony violated petitioner's Fifth Amendment right to remain silent. The Court also agrees with the Magistrate Judge's conclusion that petitioner did not, however, demonstrate prejudice in light of the limited references to petitioner's silence, and the strong and convincing evidence presented at trial of petitioner's guilt. Accordingly,

IT IS ORDERED that the Magistrate Judge's Report and Recommendation (Doc. 31) is accepted and adopted by the Court.

IT IS FURTHER ORDERED that the petitioner's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody is Denied and that this action is dismissed. The Clerk of the Court shall enter judgment accordingly.

IT IS FURTHER ORDERED that no certificate of appealability shall be issued and that the petitioner is not entitled to appeal *in forma pauperis* because the petitioner

has not made a substantial showing of the denial of a constitutional right in that he has failed to demonstrate that reasonable jurists would find the Court's assessment of his constitutional claims to be debatable or wrong.

Dated this 30th day of September, 2014.

Paul G. Rosenblatt
United States District Judge